UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ROGER FOUNTAIN, JR., | No.  1:22-cv-01231-HBK (HC) |
| Petitioner, | ORDER DISMISSING PETITION |
| v. | (Doc. No. 1) |
| DIRECTOR, | ORDER GRANTING LEAVE TO FILE A FIRST AMENDED PETITION |
| Respondent. | THIRTY DAY DEADLINE |

On September 27, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  A preliminary screening of the petition reveals that it fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases.  Therefore, the Court will dismiss the Petition without prejudice to Petitioner filing a First Amended Petition.

**DISCUSSION**

**A.  Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

1  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ
2  of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
3  dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not
4  be dismissed without leave to amend unless it appears that no tenable claim for relief can be
5  pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**B. Improper Respondent**

In this case, Petitioner names "Director" as Respondent.  A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also Stanley*, 21 F.3d at 360.  However, the chief officer in charge of penal institutions is also appropriate.  *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency.  *Id*.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326, 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976).  The Court will afford Petitioner an opportunity to cure this defect by amending the petition to name the proper respondent, such as the warden of his facility.  *See West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); *Ashley v. State of Washington*, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner may correct this deficiency in his First Amended Petition.

**C. Failure to State a Cognizable Federal Claim**

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3)

provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

To the extent discernable, the Petition asserts multiple grounds for relief, including: (1) the "court did not establish its jurisdiction"; (2) deprivation of due process of law because the court "is no longer a constitutional court"; (3) "impermissible application of a statute" because it was not established that Petitioner was "a party to the Constitution of the State of California"; (4) misrepresentation because the court did not "establish" Petitioner's legal name; and (5) violation of double jeopardy because the court imposed a prison term and a monetary penalty. (Doc. No. 1 at 5-16).

A petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. Petitioner must make specific factual allegations which, if true, would entitle him to habeas corpus relief. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. Here, Petitioner fails to state with specificity any facts in support of the conclusory violations asserted in his Petition. Because Petitioner fails to specify the facts supporting his ground(s) as required under Rule 2(c), the First Amended Petition fails to state a cognizable federal habeas claim and must be dismissed.

Petitioner will be granted the opportunity to file a First Amended Petition curing these deficiencies. Should Petitioner file a First Amended Petition, he is also advised that it will supersede the first amended petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The First Amended Petition must be free-standing, *i.e*. it must be complete without reference to the prior petition or any superseded pleading, and must include all grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings.

The Court will also direct the Clerk of Court to provide Petitioner with a blank form petition. Petitioner should use the enclosed form and title the pleading "First Amended Petition." Petitioner is forewarned that his failure to comply with this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 110.

Accordingly, **IT IS ORDERED**:

1. The Petition (Doc. No. 1) is DISMISSED without prejudice;
2. Within **thirty days (30)** from the date of service of this Order, Petitioner shall file a First Amended Petition that complies with this order.
3. The Clerk of Court shall provide Petitioner with a habeas corpus § 2254 form with this Order for Petitioner's use in preparing his First Amended Petition
4. If Petitioner fails to timely file a First Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth above and/or for Petitioner's failure to prosecute this action.

Dated:   December 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE