UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ROGER FOUNTAIN, JR.,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR,<br><br>Respondent. | No.  1:22-cv-01231-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 1, 7) |

Petitioner Ernest Roger Fountain, Jr. is a state prisoner proceeding pro se with his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 19, 2023, the assigned Magistrate Judge issued findings and recommendations recommending that the pending first amended petition be dismissed for failure to prosecute and/or comply with a court order.  (ECF No. 7.)  The findings and recommendations were served on Petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days of service.  (*Id*.)  The docket of this matter indicates the findings and recommendations were not successfully served on the Petitioner.  *See* Docket.  On January 25, 2023, the Clerk of Court directed Petitioner to file a Notice of Change of Address by April 3, 2023.  *Id*.  As of the date of this order, Petitioner has neither filed objections nor a Notice of Change of Address.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a

1

de novo review of the case.  Thus, having carefully reviewed the entire file, the Court holds the findings and recommendations to be supported by the record and proper analysis and finds Petitioner's failure to file a Notice of Change of Address.[1]

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the Court finds that reasonable jurists would not find its determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further.  Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on January 19, 2023 (ECF No. 7) are adopted in full;

3. The petition for writ of habeas corpus (ECF No. 1) is dismissed;

4. The Court declines to issue a certificate of appealability; and

5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   May 30, 2023

UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the Local Rules, "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." Local Rule 182(f).

2